# WORSTER BREWING CORPORATION *v.* RUETER & COMPANY.

---

TRADEMARKS; DESCRIPTIVE WORDS; EXCLUSIVE USE.

1. The word "Sterling" when applied to any kind of goods, is descriptive of their quality,—denoting that they are genuine, pure, and of superior quality,—and is therefore not registerable as a technical trademark, although its exclusive use for ten years prior to the trademark act of Congress of February 20, 1905 (33 Stat. at L. 724, chap. 592, U. S. Comp. Stat. Supp. 1907, p. 1008), will entitle the user of it to its registration under that act. (Following *Re Cahn*, 27 App. D. C. 177.)

2. Under sec. 5 of the trademark act of Congress of February 20, 1905 (33 Stat. at L. 725, chap. 592, U. S. Comp. Stat. Supp. 1907, p. 1010), permitting the registration of a mark which was in actual and exclusive use for ten years next preceding the passage of the act, the user of a mark which, because of its descriptive character, was not susceptible of registration as a technical trademark, would have no right

during such ten years' period to exclude another from using the word; and therefore an application for registration of such a mark will be refused on the ground that the applicant's use of the word during the ten-year period was not exclusive, if it appears that during that time another was also using the word as a trademark upon the same class of goods.

No. 452.   Patent Appeals.   Submitted January 20, 1908.   Decided February 11, 1908.

HEARING on an appeal from a decision of the Commissioner of Patents dismissing an opposition to registration of a trademark.                                                    *Reversed.*

The facts are stated in the opinion.

*Mr. Lewis W. Southgate* for the appellant.

*Mr. George H. Maxwell* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

In this case the appellant, Worster Brewing Corporation, filed its opposition to the registration in the Patent Office by the appellee, Rueter & Company, of the word "Sterling" as a trademark for ale.   The opposition was dismissed by the Commissioner of Patents, and from that ruling appeal was taken to this court.   The evidence in this case, we think, discloses that the appellee, Rueter & Company, and its predecessors in business, have used the word "Sterling" as a trademark for ale manufactured and sold by it, since 1882.   There is some evidence extending the use back to 1869, but we think the evidence conclusively shows a continuous use since 1882.   The president of the appellant company, who owns about three quarters of its capital stock, was, until 1899, agent for sale of the ale produced by appellee bearing the mark "Sterling."   In that year he organized the appellant company and became its president, at the same time conducting the business of a wholesale liquor dealer.   He ceased to handle the goods of appellee in the year

1900, since which time he has sold exclusively the goods of appellant. It further appears that about May 1st, 1900, the appellant company began to use the word "Sterling" as a trademark for ale of its own production. The mark has been used by appellant since that time. The device used by appellant, in which the word "Sterling" appears, is "Worster Sterling Ale."

It is contended by counsel for appellant that the word "Sterling" is a descriptive word, and is for that reason not entitled to registration. We are of the opinion that the word "Sterling," when applied to any kind of goods, is descriptive of the quality of the articles on which it is used. It denotes that the article on which it is used is genuine, pure, and of superior quality. These meanings are applied to the word by the dictionaries, and we think they express what the public generally understands by the use of the term. Certainly, when the word "Sterling" is used in connection with merchandise or beverages, it will at once be understood to denote quality. Being a descriptive word, it is ineligible for registration as a technical trademark.

There is but one way left in which appellee is entitled to have its application for registration considered in this case, and that is under the proviso to sec. 5 of the act of Congress of February 20, 1905, which is as follows: "That nothing herein shall prevent the registration of any mark used by the applicant, or his predecessors, or by those from whom title to the mark is derived, in commerce with foreign nations, or among the several states, or with Indian tribes, which was in actual and exclusive use as a trademark of the applicant, or his predecessors from whom he derived title, for ten years next preceding the passage of this act."[33 Stat. at L. 726, chap. 592, U. S. Comp. Stat. Supp. 1907, p. 1010.] The record discloses an actual and continuous use by appellee of the word "Sterling" as a trademark for ale for more than ten years next preceding the passage of the act of Congress. If it appears, therefore, that this use has been exclusive, even though the word is descriptive, and not susceptible of registration as a technical trademark, appellee would still, by reason of its actual and exclusive use for ten years next preceding the passage of the act, be entitled to

the right to register it. In the case of *Re Cahn,* 27 App. D. C. 177, this court said: "The last proviso of sec. 5, as amended and passed, was not intended to provide for the registration of technical trademarks, for such marks had been cared for elsewhere in this act. The proviso permitted the registration of marks not in either of the classes prohibited by this section, if such marks were in actual and exclusive use as a trademark for ten years next preceding the passage of the act. In respect of technical trademarks, this proviso was absolutely useless. It was intended to save the right of registration to the marks described in the proviso. * * * The last proviso of sec. 5 was intended to refer only to marks owned by the applicants and in their actual and exclusive use for ten years." It is clear that appellee, during the ten-year period would have had no right to exclude appellant from the use of the word "Sterling" on the ground of its being a valid technical trademark. Not possessing this right, it is difficult to understand upon what theory its use can be said to be exclusive.

We think that the Commissioner of Patents erred in holding that the word "exclusive," as used in the proviso of sec. 5, means "the right to exclude." It has no reference to any right possessed by the user. Since the word did not constitute a technical trademark, no right to exclude could be asserted. Inasmuch as the word is used in the statute in connection with the words "actual use," and both expressions are used to qualify the special right conferred by this provision of the act, we hold that an actual use must be shown to have been possessed and enoyed by the applicant to the sole exclusion of all others. The use could not be exclusive if, during the period, it appears that another was using the same word as a trademark upon the same character of goods. It is not denied that, during five years of this period prior to the act of 1905, appellant used continuously the word "Sterling" as a mark on the same kind of goods on which it was used by appellee. We are of the opinion that this is sufficient to prevent appellee from claiming such an exclusive use as would entitle it to register the word "Sterling" as a trademark.

It is unnecessary to consider the other questions raised in the record and discussed in the briefs of counsel. The decision of the Commissioner of Patents is reversed, and the clerk is instructed to certify this proceeding, as required by law.

*Reversed.*